# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE BREWER,** | : | Civil No. 1:15-CV-942 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DONALD HOPPLE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

Jesse Brewer has been indicted for his alleged role in the armed robbery of a York County jewelry store in July of 2012. United States v. Brewer, Cr. No. 1:13-CR-13. Brewer awaits trial on these charges, and is currently scheduled for trial on July 6, 2015. The proof amassed against Brewer, linking him to this gun wielding robbery, includes various cellular telephone records. These records were obtained by police in the course of the investigation through search warrants served upon cellular telephone service providers.

Brewer has now undertaken a particularly ambitious effort to challenge this evidence, filing a *pro se* civil rights complaint in federal court. (Doc. 1.)  In this complaint, Brewer sues the police officers who obtained these search warrants and the

cellular telephone service providers who complied with the warrants, alleging that these searches of his telephone for evidence tying him to this violent crime violated his constitutional rights under the Fourth Amendment. (Id.) Brewer seeks both compensatory and punitive damages from the defendants as recompense for these alleged constitutional infractions. (Id.) Thus, the premise behind Brewer's current *pro se* civil rights lawsuit is the notion that the seizure of this information pursuant to search warrants somehow offends the Fourth Amendment.

There is one difficulty with this assertion, a difficulty which Brewer fails to acknowledge in his civil complaint. Brewer has litigated this Fourth Amendment issue in his criminal case–and lost. United States v. Brewer, Cr. No. 1:13-CR-13. (Doc. 179-180.) On May 12, 2015, the district court, Caldwell, J., entered an opinion and order denying Brewer's motion to suppress this evidence at trial. In light of this ruling, principles of *res judicata, collateral estoppel* and issue preclusion now bar consideration of the claims Brewer attempts to advance in this lawsuit. Therefore, while we will grant Brewer's motion for leave to proceed *in forma pauperis*, (Doc. 2), for the reasons set forth below it is recommended that this *pro se* complaint be dismissed at this time.

**II.     Discussion**

    **A.     Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review**

This Court has an on-going statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted." This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court

should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, when examining whether a complaint properly invokes the jurisdiction of this court, and in determining whether the claims set forth in the complaint are barred by principles of *collateral estoppel, res judicata* or issue preclusion.

**B.  Brewer is Presently Collaterally Estopped From Challenging This Search and Seizure By The District Court's Order**

### Denying His Motion to Suppress In His Pending Criminal Case

In this case, dismissal of this complaint is warranted because Brewer's complaint is, at bottom, an ill-timed attempt to re-litigate a matter which has previously been resolved by the federal courts in his pending criminal prosecution. Specifically, Brewer's *pro se* complaint pursues a search and seizure claim which was rejected by the district court in Brewer's criminal case on May 12, 2015. United States v. Brewer, Cr. No. 1:13-CR-13. (Doc. 179-180.)

In conducting an initial screening assessment of Brewer's complaint it is well-settled that: " We have the authority to apply the doctrine of claim preclusion or *res judicata sua sponte*[,] Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir.2002); Ezekoye v. Ocwen Federal Bank FSB, 179 F.App'x 111, 114 (3d Cir.2006) (non precedential) [and] can . . . invoke *res judicata* 'if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous.' Gleash, 308 F.3d at 760." Guider v. Mauer, CIVIL 1:CV-09-1915, 2009 WL 4015568 (M.D. Pa. Nov. 19, 2009). In our view, upon a preliminary screening review of this lawsuit, the *res judicata*, collateral estoppel and issue preclusion doctrines apply here and compel dismissal of any of the previously litigated claims that are made by the plaintiff in this complaint relating to theses search and seizure questions. Collateral estoppel, *res judicata* and issue preclusion are doctrines which play a vital role in litigation. It has long been recognized that "[t]he doctrine[] of . . . collateral estoppel,

now . . termed . . . issue preclusion, 'shar[es] the common goals of judicial economy, predictability, and freedom from harassment....' Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir.1988). Generally speaking, the . . . doctrine of issue preclusion, 'precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted.' Melikian v. Corradetti, 791 F.2d 274, 277 (3d Cir.1986)." Electro-Miniatures Corp. v. Wendon Co., Inc. 889 F.2d 41, 44 (3d. Cir.1989)(citations omitted).

The parameters of this doctrine, which precludes relitigation of certain issues, have been defined by the United States Court of Appeals for the Third Circuit in the following terms:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5(1979). In its classic form, collateral estoppel also required "mutuality"-i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. Parklane Hosiery, 439 U.S. at 326-27. Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 (1971); Parklane Hosiery, 439 U.S. at 329. For . . . non-mutual issue preclusion [] to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. See Parklane Hosiery, 439 U.S. at 328; Blonder-

Tongue Labs., 402 U.S. at 331.

Peloro v. United States, 488 F.3d 163, 174-5 (3d Cir. 2007). Stated succinctly, principles of collateral estoppel compel a later court to honor the an earlier decision of a matter that was actually litigated. Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1997). This doctrine, which involves an assessment of the overlap between issues presented in separate lawsuits, raises essentially legal questions which are often amenable to resolution by courts as a matter of law. See, e.g., Peloro v. United States, supra; Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc, supra; Witkowski v. Welch, 173 F.3d 192, 198-205 (3d Cir. 1999); Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.,, 63 F.3d 1227, 1231-9 (3d Cir. 1995)(summary judgment, offensive issue preclusion).

Collateral estoppel and issue preclusion principles have been frequently applied by the courts to bar re-litigation of unsuccessful criminal suppression motions in the guise of civil lawsuits. Indeed:

> Well-settled jurisprudence provides that application of collateral estoppel has four essential elements: "(1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." Jones v. U.S. Parcel Serv., 214 F.3d 402, 405-06 (3d Cir.2000). The Third Circuit has found these elements satisfied and thus estopped an individual from litigating Fourth Amendment claims where the same issues were previously litigated in a prior criminal proceeding. James v. Heritage Valley Fed. Credit Union, 197 Fed. App'x 102, 105 (3d Cir.2006) ("[a] finding in a

10

prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding."), cert. denied, 550 U.S. 939, 127 S.Ct. 2253, 167 L.Ed.2d 1098 (2007). Federal courts within this Circuit have repeatedly made similar findings. See, e.g., Crawford v. Frimel, No. CIV.A.07-3452, 2009 WL 1904613, at *2 (3d Cir. Jul. 2, 2009) (prior determination of probable cause issue during suppression hearing in criminal proceedings barred subsequent civil suit raising the probable cause issue); Berry v. Chaves, No. CIV.A.02-893, 2003 WL 21497557, at *1-2 (E.D.Pa. Jun.30, 2003) (holding that plaintiff's section 1983 claim that searches of his residence and car were unconstitutional were barred because the constitutionality of those actions were fully considered and upheld during a suppression motion in plaintiff's underlying federal criminal proceedings); see also Doswell v. City of Pittsburgh, No. CIV.A.07-0761, 2009 WL 1734199, at *6 (W.D.Pa. Jun.16, 2009) (finding that collateral estoppel barred plaintiff's section 1983 claim for malicious prosecution based on an unduly suggestive photo array where, during his criminal trial, the state court considered and denied a motion to suppress that photo array); Ashford v. Skiles, 837 F.Supp. 108, 112 (E.D.Pa.1993) (holding that a finding of probable cause made in a state court criminal suppression hearing, which afforded the parties a full and fair opportunity to litigate the issue, may be an "appropriate basis" for application of collateral estoppel to a section 1983 claim).

Briggs v. Godby, No. CIV.A. 08-5239, 2009 WL 4756390, at *6 (E.D. Pa. Dec. 10, 2009); Brown v. Twp. of Neptune, No. CIV.A. 11-7162 FLW, 2014 WL 3517776, at *6 (D.N.J. July 15, 2014) citing James v. Heritage Valley Fed. Credit Union, 197 Fed. Appx. 102, 105 (3d Cir.2006) (finding that principles of collateral estoppel apply to constitutional claims and "[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding.").

Here, we find that, with respect to the search and seizure claims made by Brewer in the instant complaint, the legal requisites for issue preclusion are fully

11

satisfied. At the outset, the Fourth Amendment issues involved in this *pro se* civil case are the same as those addressed by the district court in Brewer's criminal prosecution. Furthermore, the district court order denying the motion to suppress is currently a final judgment on this issue, subject only to appellate review in the context of Brewer's pending criminal case. Third, the party against whom the bar of collateral estoppel would apply, Jesse Brewer, is undeniably a party in the underlying criminal case, since he is charged as a defendant in that case. Finally, Brewer has been, and will be, afforded a full and fair opportunity to litigate this suppression issue in the course of the criminal prosecution, and any appeals of that criminal case. Finding, therefore, that all of the requisites for the application of collateral estoppel to this search and seizure claim are fully satisfied here, James v. Heritage Valley Fed. Credit Union, 197 Fed. Appx. 102, 105 (3d Cir.2006), "We have the authority to apply the doctrine of claim preclusion or *res judicata sua sponte,* Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir.2002); Ezekoye v. Ocwen Federal Bank FSB, 179 F.App'x 111, 114 (3d Cir.2006) (non precedential) [and] can . . . invoke *res judicata* 'if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous.' Gleash, 308 F.3d at 760." Guider v. Mauer, CIVIL 1:CV-09-1915, 2009 WL 4015568 (M.D. Pa. Nov. 19, 2009). Adopting this course, we find that *collateral estoppel, res judicata* and issue preclusion *apply here and* plainly bar

Brewer from pursuing these Fourth Amendment claims at the present time in the context of this civil lawsuit. Therefore, these claims should be dismissed.[1]

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's request to proceed in forma pauperis is GRANTED, (Doc. 2 , )but IT IS RECOMMENDED that the Plaintiff's complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

---

[1] Of course, dismissal of this civil lawsuit does not mean that Brewer is without legal recourse to further pursue this Fourth Amendment claim. Quite the contrary, Brewer still retains at least two completely viable paths to further litigate this claim. If Brewer is convicted following his criminal trial, he may appeal his conviction and sentence, and may challenge this supersession ruling, and thus obtain a full and fair opportunity to litigate the issue. Following the resolution of that criminal appeal, if Brewer prevails on this suppression claim he may reinstate this lawsuit. Moreover, if at the conclusion of his criminal trial Brewer secures an acquittal on these charges, and prevails on the ultimate merits of this criminal case before a jury, then case law would suggest that Brewer would be able to reinstate this Fourth Amendment claim in light of his acquittal since the acquittal would have prevented him from fully and further litigating this suppression claim in the criminal case. Thus, either an acquittal or a conviction on the pending federal indictment will provide a path for additional litigation of this suppression claim. However, at present that path does not lie in the course chosen by Brewer, a civil lawsuit challenging a suppression ruling in Brewer's pending criminal case.

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of May, 2015.

**S/Martin C. Carlson**
Martin C. Carlson
United States Magistrate Judge